**Aron R. HICKS, Plaintiff,**

v.

**ROBESON COUNTY, a body politic and Incorporate, and James M. Hall, Jr., in his Official capacity, Defendants.**

No. 7:98–CV–105–BR(1).

United States District Court,
E.D. North Carolina,
Southern Division.

May 28, 1999.

Walter T. Johnson, Jr., Greensboro, NC, Carmen J. Battle, Fayetteville, NC, for Aron R. Hicks.

Scott C. Hart, Sumrell, Sugg, Carmichael & Ashton, New Bern, NC, for Robeson County, a body politic and incorporate and James M. Hall, Jr.

Frank P. Ward, Jr., Maupin, Taylor & Ellis, Raleigh, NC, Joshua M. Krasner, Maupin, Taylor & Ellis, Raleigh, NC, for Southeastern Regional Medical Center.

## ORDER

MASON, United States Magistrate Judge.

THIS MATTER is before the court on the Plaintiff's Motion to Compel (file document

no. 31), filed April 15, 1999, in which the Plaintiff seeks an order compelling Defendants to respond to (1) Interrogatories 10 and 20 set forth in Plaintiff's Request for Production of Documents (first set); (2) Interrogatories 24(a), 24(b), 25, 25(a), 26, 26(a) and 28(d) set forth in Plaintiff's Request for Interrogatories to Defendant Hall; and (3) Interrogatories 11, 11(a), 11(b), 12, 12(a) though (d), 13, 13(b) through (g), 14, 14(a), 14(b), 14(c), 15, 15(a), 15(b), 15(c) and 17(e) set forth in Plaintiff's Request for Interrogatories to Defendant Robeson County.[1] The Defendants have filed a response and a memorandum in opposition to Plaintiff's Motion; the Motion is, therefore, ripe for ruling.

Briefly stated, this case stems from the Robeson County Emergency Medical Services' ("Robeson County EMS" or "EMS") decision to terminate Plaintiff's employment as an Emergency Medical Technician ("EMT") on October 24, 1997. In his Complaint, Plaintiff, a white man, claimed that Robeson County discriminated against him based on race in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Plaintiff also claimed that Robeson County, Southeastern Regional Medical Center ("Southeastern"), and James M. Hall, Jr., the Director of Robeson County Emergency Services—in both his official and individual capacities—wrongfully discharged the Plaintiff in violation of public policy. Pursuant to the District Court's Order entered October 16, 1998, the claims against Southeastern and Defendant Hall in his individual capacity were dismissed. Thus, still pending in this action are Plaintiff's Title VII and § 1981 claims against Robeson County, and Plaintiff's wrongful discharge claims against Robeson County and Defendant Hall in his official capacity.

Turning to the discovery dispute at issue, the court notes generally that parties in civil litigation may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action. The information sought is discoverable, regardless of whether it is admissible at

trial, if the information sought is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). Any party may serve upon another party written interrogatories that must be answered fully in writing under oath within thirty days after service of the interrogatories. *See* Fed.R.Civ.P. 33(a). Any party may serve on another party a request to produce documents, and this request must be responded to within thirty days after service of the request. *See* Fed.R.Civ.P. 34. If a party fails to answer interrogatories or respond to a request for production of documents, the discovering party may move for an order compelling a response. *See* Fed. R.Civ.P. 37.

*Plaintiff's Requests for Production 10 and 20*

In Request for Production 10, Plaintiff seeks the production of "[a]ny and all documents which are required to be filed with any state or federal agencies dealing with the race of employees." Request for Production 20 seeks the production of "[a]ny and all documents which indicate the breakdown of the workforce by name, date of hire, rate of pay, date of birth, and color or race of employees."

▮ As a preliminary matter, the Defendants object to both of these requests on grounds that the information sought is confidential and protected by law. Specifically, Defendants contend that N.C.Gen.Stat. § 153A–98 prohibits Defendants from disclosing the information requested by the Plaintiff. Section 153A–98 provides in relevant part:

§ 153A–98 Privacy of employee personnel records.

(a) Notwithstanding the provisions of G.S. 132–6 or any other general law or local act concerning access to public records, personnel files of employees, former employees, or applicants for employment maintained by a county are subject to inspection and may be disclosed only as provided by this section. . . .

---

1. In its Motion to Compel, Plaintiff has re-numbered the requests for production and interrogatories at issue in a consecutive fashion (*i.e.,* 1 though 31), rather than refer to their original designation. However, in an effort to simplify matters, this court will refer to the discovery requests as they were originally numbered.

(b) The following information with respect to each county employee is a matter of public record: name; age; date of original employment or appointment to the county service; current position title; current salary; date and amount of the most recent increase or decrease in salary; date of the most recent promotion, demotion, transfer, suspension, separation or other change in position classification; and the office to which the employee is currently assigned.... Any person may have access to this information for the purpose of inspection, examination, and copying, during regular business hours....

(c) All information contained in a county employee's personnel file, other than the information made public by subsection (b) of this section, is confidential....

N.C.Gen.Stat. § 153A–98. Although this statute prohibits Defendants from disclosing confidential information contained in personnel files, the statute provides that such information shall be disclosed pursuant to an order from a court of competent jurisdiction. *Id.* § 153A–98(c)(4).

■ Upon careful review, given the reverse discrimination allegations claimed by Plaintiff, this court finds that these Requests for Production could provide information relevant to the subject matter of this litigation. The Defendants, however, also contend that the scope of these Requests is too broad, stating in particular that "the information requested by Plaintiff is not readily available in any single document, but ... would require the pouring through of all of the personnel files of County employees as well as numerous other documents in order to obtain this information." (Defs.' Mem. in Opp. at 3.) This court finds the Defendants' contentions have some merit, and a complete response to the Plaintiff's requests could contemplate the production of potentially thousands of pages of documents, many of which would not involve employees similarly situated to the Plaintiff, or would be otherwise irrelevant. Therefore, Plaintiff's Motion to Compel as to Requests for Production 10 and 20 is **ALLOWED** in part and **DENIED** in part. Subject to the Protective Order contemporaneously entered herein by this court, the Defendants are **ORDERED** to produce all documents responsive to Plaintiff's Request for Production 10 and 20, but only as they relate to Robeson County EMS employees. The Defendants are not required to produce any such documents pertaining to those employees working outside of the Robeson County EMS.

*Interrogatories 24(a), 24(b), 25, 25(a), 26, 26(a) and 28(d) to Defendant Hall*

■ The dispute here centers around Defendant Hall's knowledge of the race of those persons employed by the Robeson County EMS. Upon closer examination, all of these interrogatories at issue assume that Defendant Hall knows the race of the EMS employees. For instance, Interrogatory 25 states: "During 1995, 1996, 1997 how many White–Americans left employment of Robeson County EMS?" In response, Defendant Hall states: "I do not know the race of any employees of the County or the EMS." Interrogatory 26 poses the same question with respect to Native–American EMS employees, to which Defendant Hall offers the same response.[2] Similarly, in response to Interrogatory 28(d) (which asks "State the names and races of employees who were responsible for refusals of care [listed in Defendant's answer to the previous subsection]"), Defendant Hall states: "All employees are responsible for filling out forms on refusals of care. The Robeson County EMS is not aware of the race of any of its employees, and therefore cannot respond to the remainder of this request."

If Defendant Hall does not know the racial classification of Robeson County EMS employees, this court cannot compel him to provide more complete answers to Plaintiff's interrogatories. In short, he either knows what an employee's race is, or he does not. Defendants contend that Robeson County "is populated by residents of a number of differ-

---

**2.** The Interrogatories proceed to ask "why each White–American [or Native–American] left their employment of Robeson County EMS?" (Pl.'s Interrogs. 25(a), 26(a)), or "How long has each White–American been employed by Robeson County EMS?" (Pl.'s Interrog. 24(b)).

ent races." (Defs.' Mem. in Opp. at 4.) Further, Defendants state that the there is a "long-term mix" of the three most common races of individuals in Robeson County, which according to Defendants are Caucasian, African–American and Native–American, and that individuals in Robeson County "often have ancestors of numerous different races." (*Id.* at 4–5.) Defendants also note that Hall has not been given information regarding the races of his individual employees, and that although the County's employment application has a section that calls for the race of the applicant, this section is "torn off by way of a perforated line, before being sent to individual department heads." (*Id.* at 5.) The court finds that the Defendants' explanation as to why Defendant Hall is unable to respond further to these Interrogatories is reasonable and sufficient. Plaintiff, moreover, has failed to convince this court how or why Hall could more fully answer these Interrogatories. Accordingly, Plaintiff's Motion to Compel as to Interrogatories 24(a), 24(b), 25, 25(a), 26, 26(a) and 28(d) to Defendant Hall is **DENIED.**

*Interrogatories 11, 11(a), 11(b), 12, 12(a) though (d), 13, 13(b) through (g), 14, 14(a), 14(b), 14(c), 15, 15(a), 15(b), 15(c) and 17(e) to Defendant Robeson County*

■ Interrogatory 11 asks Defendant Robeson County: "How may persons were employed by Defendant Robeson County between March 1995 through October 1997?" Interrogatories 11(a) and 11(b) seek information as to the full- or part-time status of such employees. The Defendant objected to these Interrogatories on the grounds that they are overly broad and unduly burdensome. However, the Defendant has failed to explain *why* answering these Interrogatories would be unduly burdensome. As the court finds these inquiries to be within the broad scope of permissible discovery, Plaintiff's Motion to Compel as to Interrogatories 11, 11(a) and 11(b) is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

Interrogatory 12 and subparts (a) though (d) thereto seek information as to how many Native–Americans were employed by Robeson County between March 1995 and October 1997; their names; whether they worked full- or part-time; and whether they worked for the EMS. The parties' arguments as to disclosure or nondisclosure of this information are similar to those raised in relation to Interrogatory 11. Accordingly, having found that these are permissible inquiries, Plaintiff's Motion as to Interrogatory 12 and subparts (a) through (d) thereto is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

■ Interrogatory 13 and subparts (b) through (g) thereto asks for essentially the same information as that sought in Interrogatory 12 and its subparts, however, with respect to white persons rather than Native–Americans. For the reasons stated with respect to Interrogatories 11 and 12, *supra,* Plaintiff's Motion to Compel as to Interrogatory 13 and subparts (b) though (g) thereto is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

Interrogatory 14 asks: "During 1995, 1996, 1997, how many White–Americans left the employment of Defendant Robeson County?" Subparts (a), (b) and (c) request the same information with respect to white employees of the EMS, and also request information as to why such white employees left their employment. Defendant Robeson County submits that it "did not track the number of employees of each race who left their employment each year[,]" nor does it know why such persons left their employment. (Defs.' Mem. at 8–9.) The court accepts the Defendant's response as reasonable. Therefore, Plaintiff's Motion as to Interrogatory 14, 14(a), 14(b) and 14(c) is **DENIED.**

Interrogatory 15 and subparts (a), (b) and (c) mirror Interrogatory 14 and its subparts but inquire as to Native–Americans who left their employment with Robeson County. For the same reasons stated with respect to Interrogatory 14, Plaintiff's Motion to Compel as to Interrogatory 15, 15(a), 15(b) and 15(c) is **DENIED.**

Interrogatory 17(e) is similar to Interrogatory 28(d) posed to Defendant Hall. Specifically, Interrogatory 17(e) asks: "State the names and races of employees who were responsible for refusals of care [listed in

Defendant's answer to the previous subsection]." Defendant Robeson County responds by referencing the answer provided by Defendant Hall, which stated: "All employees are responsible for filling out forms on refusals of care. The Robeson County EMS is not aware of the race of any of its employees, and therefore cannot respond to the remainder of this request." While Defendant Hall and the Robeson County EMS may not be aware of the race of such employees, it is not clear to this court whether Robeson County has such knowledge. Thus, to the extent Robeson County possess responsive information beyond that provided by Defendant Hall with respect to this inquiry, Plaintiff's Motion is **ALLOWED,** and the Defendant is **ORDERED** to respond to Interrogatory 17(e).

## CONCLUSION

### BASED ON THE FOREGOING, IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel as to Requests for Production 10 and 20 is **ALLOWED** in part and **DENIED** in part. Subject to the Protective Order contemporaneously entered herein by this court, the Defendants are **ORDERED** to produce all documents responsive to Plaintiff's Request for Production 10 and 20, but only as they relate to Robeson County EMS employees. The Defendants are not required to produce any such documents pertaining to those employees working outside of the Robeson County EMS.

2. Plaintiff's Motion to Compel as to Interrogatories 24(a), 24(b), 25, 25(a), 26, 26(a) and 28(d) to Defendant Hall is **DENIED.**

3. Plaintiff's Motion to Compel as to Interrogatories 11, 11(a) and 11(b) to Defendant Robeson county is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

4. Plaintiff's Motion as to Interrogatories 12, 12(a), 12(b), 12(c) and 12(d) to Defendant Robeson County is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

5. Plaintiff's Motion to Compel as to Interrogatory 13, 13(b), 13(c), 13(d), 13(e), 13(f) and 13(g) is **ALLOWED,** and the Defendant is **ORDERED** to respond to these Interrogatories.

6. Plaintiff's Motion as to Interrogatory 14, 14(a), 14(b) and 14(c) to Defendant Robeson County is **DENIED.**

7. Plaintiff's Motion to Compel as to Interrogatory 15, 15(a), 15(b) and 15(c) to Defendant Robeson County is **DENIED.**

8. To the extent Defendant Robeson County possess responsive information beyond that provided by Defendant Hall, Plaintiff's Motion is **ALLOWED,** and the Defendant is **ORDERED** to respond to Interrogatory 17(e).

9. It is hereby **ORDERED** that this Protective Order shall apply to materials produced in response to Plaintiff's Requests for Production numbered 10 and 20, and Plaintiff's Requests for Interrogatories to Defendant Robeson County numbered 11, 11(a), 11(b), 12, 12(a), 12(b), 12(c), 12(d), 13, 13(b), 13(c), 13(d), 13(e), 13(f), 13(g) and 17(e):

a. Information disclosed and all copies, summaries, compilations, notes and abstracts thereof, shall be maintained in confidence by the party to whom such materials are produced or given, solely for use in connection with this action, and shall not be disclosed to any person or entity except the following qualified recipients:

(1) The court and its officers;

(2) Counsel of record and employees of counsel of record; and

(3) Third-party experts or investigators engaged by counsel or the parties to assist in this litigation, provided that each such third party has signed an undertaking in the form of Exhibit A hereto.

b. All persons to whom information is disclosed pursuant to Paragraph 1 shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this action, and shall not disclose such information to any other person except in accordance with Paragraph a., *supra.*

c. Nothing in this Protective Order shall be construed as indicating that any discovery materials are relevant to any issue involved

in this action or admissible as evidence at the trial of this action.

d. All information subject to this Order shall be used solely for the prosecution or defense of the claims in this action, and shall not be used for any other purpose.

e. All materials subject to this Order shall be stored under the direct control of counsel or the Plaintiff who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Protective Order. Within sixty (60) days after the conclusion of this case, including appeals, all such material produced by a party, and all copies of such material, shall be returned to the party. This Protective Order shall remain in effect after the conclusion of this case.

f. Subject to the provisions of this Protective Order or any further Order regarding confidentiality as this court may enter, Confidential or Privileged materials may be used in testimony, at trial and any appeals, in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, to prepare for trial, and may be offered in evidence at trial or any motion hearing.

g. No such material shall be filed in the public record in this action. All material subject to the terms of this Protective Order, including any pleadings, motions, or other papers filed with the court disclosing any such information or material, shall be filed in a sealed envelope and kept under seal by the Clerk of this court in a place other than the court file until further Order of the court. Where possible, only confidential portions of filings with the court shall be filed under seal. To facilitate compliance with this Protective Order by the Clerk's Office, material filed with the designation "Confidential" or "Privileged" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, contain a concise, nondisclosing inventory of its contents for docketing purposes, and state thereon that it is filed under the terms of this Protective Order.

h. The restrictions set forth in the preceding paragraphs shall not apply to information or material that:

(1) Was, is or becomes public knowledge, not in violation of this Protective Order;

(2) Is acquired by the party from a third party having the right to disclose such information or material;

(3) Was lawfully possessed by the party prior to entry by the court of this Protective Order; or

(4) Was independently developed by the nondesignating party without resort to information or material produced by the producing party.

i. Either party may at any time seek modification of this Protective Order by agreement or, failing agreement, by motion to the court.

10. All responses Ordered herein shall be made on or before June 8, 1999.

11. Plaintiff's request for sanctions is **DENIED**.